IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Hall, | ) | C/A No.: 7:11-143-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James Johnson; James McNeil; Buckey Sprouse; Brian Bailey, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff Douglas Hall, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Union County Detention Center ("UCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a state magistrate judge and three officers of the Union County Sheriff's Office as defendants.

    Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to defendants James McNeil and Buckey Sprouse. An order directing the issuance and service of

process on Defendants James Johnson and Brian Bailey will be filed contemporaneously with this Report and Recommendation.

I.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   When a court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975).   The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

II.     Discussion

Plaintiff states that he was arrested for possession with intent to distribute crack cocaine on May 18, 2010. [Entry #1]. He alleges Officer James Johnson "wrote up a false report on the affidavit stating that [Plaintiff] had the drugs in [his] possession." *Id.* Plaintiff claims that "Capt. Brian Bailey was the first one on the scene and also lied about seeing me drop the drugs." *Id.* South Carolina Magistrate Judge Buckey Sprouse is named as a defendant for having signed a warrant for Plaintiff's arrest. Additionally, Defendant McNeil is named because "Capt. James McNeil is over the Drug Agents working out of the Union County Task Force Office and he oversees all operation[s]."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the instant action, Plaintiff claims that two law enforcement officers, Defendants Bailey and Johnson, provided false information to a magistrate judge to secure a warrant for Plaintiff's arrest. Liberally construed, it appears Plaintiff is alleging a claim of false arrest.

As an initial matter, Magistrate Judge Sprouse is immune from suit. A judge has absolute immunity from a claim for damages arising out of his judicial actions. *See*

3

*Mireles v. Waco*, 502 U.S. 9 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed).  In the present action, Plaintiff sues Defendant Sprouse for signing a warrant.  As Defendant Sprouse is absolutely immune from Plaintiff's claim for damages arising out of a judicial act, the undersigned recommends Sprouse be summarily dismissed.

Additionally, Plaintiff provides no facts to demonstrate any direct involvement by Defendant James McNeil in securing Plaintiff's warrant or in executing Plaintiff's arrest.  When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  Because Plaintiff indicates Defendant McNeil is "over the Drug Agents," it appears Plaintiff is suing McNeil in a supervisory capacity.  In order to hold supervisory officials liable for constitutional injuries inflicted by their subordinates, a plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).  Plaintiff's Complaint contains no facts regarding McNeil which would satisfy the above criteria.  Therefore,

Defendant McNeil is not liable in his supervisory capacity and it is recommended the complaint be dismissed against him.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process as to Defendants James McNeil and Buckey Sprouse. Process shall issue for service on Defendants James Johnson and Brian Bailey.

IT IS SO RECOMMENDED.

February 10, 2011                                    Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5