IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Hall, | ) | C/A No.: 7:11-143-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James Johnson; Brian Bailey, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate in the custody of the South Carolina Department of Corrections and brings this action against James Johnson and Brian Bailey alleging violations of 42 U.S.C. § 1983 in connection with his arrest. This matter is before the court upon the following motions: (1) Defendant Bailey's Motion for Summary Judgment [Entry #43]; and (2) Defendant Johnson's Motion for Summary Judgment [Entry #44]. The motions have been fully briefed and are ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I.   Factual and Procedural Background

According to Plaintiff's complaint, he was arrested for possession with intent to distribute crack cocaine on May 18, 2010. [Entry #1 at 3]. He alleges Officer Johnson "wrote up a false report on the affidavit stating that [Plaintiff] had the drugs in [his] possession." *Id.* Plaintiff claims that "Capt. Brian Bailey was the first one on the scene

and also lied about seeing me drop the drugs." *Id.*  South Carolina Magistrate Judge Buckey Sprouse and Captain James McNeil were previously named as defendants, but have since been dismissed.  According to Defendant Bailey's brief, and undisputed by Plaintiff, Plaintiff was convicted by a jury on April 6, 2011 on charges stemming from that May 18, 2010 arrest.

II.    Discussion

    A.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the

non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

Defendants argue Plaintiff's complaint should be dismissed, because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The undersigned agrees with Defendants that *Heck* bars recovery by Plaintiff in this action.

The instant action alleges a violation of Plaintiff's constitutional rights under § 1983 for an allegedly illegal arrest that resulted in Plaintiff's conviction. However, to the extent Plaintiff seeks damages for alleged constitutional violations stemming from Plaintiff's criminal arrest, prosecution, and/or sentence, his action is barred by the United States Supreme Court's ruling in *Heck*, which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

3

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 2007 WL 1031695 (4th Cir. March 30, 2007) (claims brought pursuant to § 1983 and *Bivens* challenging underlying criminal conviction are barred by *Heck*). Thus, *Heck* bars a prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. In the instant case, a favorable determination on the merits of Plaintiff's § 1983 claim would require a finding that the arrest resulting in Plaintiff's conviction was invalid and would imply the invalidity of the punishment imposed. As Plaintiff has not demonstrated that his conviction and/or sentence has been successfully challenged, any damages claim he may be attempting to pursue is barred by *Heck*.[1] Therefore, it is recommended that Defendants' summary judgment motions be granted.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendants' motions for summary judgment [Entry #43, #44] be granted and this case be dismissed with prejudice.

---

[1] Plaintiff appears to argue that is claim is not for malicious prosecution, but is instead for Fourth Amendment violations, and therefore should not be barred by *Heck v. Humphrey*. [Entry #61 at 3, Entry #62 at 1] However, *Heck* bars any claim for damages pursuant to § 1983 that would necessarily imply the invalidity of his conviction.

IT IS SO RECOMMENDED.

September 29, 2011  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5