UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| DOUGLAS HALL, ) | |
| ) | C/A. No.: 07:11-cv-00143-GRA |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| JAMES JOHNSON & BRIAN BAILEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on September 29, 2011 and made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff Douglas Hall brought this action on January 19, 2011, pursuant to 42 U.S.C. § 1983.  In her September 29, 2011 Report and Recommendation, Magistrate Judge Shiva V. Hodges recommended dismissing this case without prejudice.  *See* Report and Recommendation, ECF No. 65.  Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on October 17, 2011.  *See* ECF No. 67.  For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation in its entirety.

## Background

Plaintiff is a state prisoner currently incarcerated at Allendale Correctional Institution.  According to Plaintiff's Complaint, he was arrested for possession with

intent to distribute crack cocaine on May 18, 2010. He alleges that Officer James Johnson "wrote up a false report on the affidavit stating that [Plaintiff] had the drugs in [his] possession." Plaintiff also claims that "Capt. Brian Bailey was the first one on the scene and also lied about seeing [Plaintiff] drop the drugs." South Carolina Magistrate Judge Buckey Sprouse and Captain James McNeil were previously named as defendants, but have since been dismissed. According to Defendant Bailey's brief, and undisputed by Plaintiff, Plaintiff was convicted by a jury on April 6, 2011 on charges stemming from the May 18, 2010 arrest.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied,* 475 U.S. 1088 (1986).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–

71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 1999 (4th Cir. 1983).

## Discussion

In Plaintiff's Complaint and Objection to the magistrate's Report and Recommendation, Plaintiff raised a claim of false imprisonment, alleging that there was a violation of Plaintiff's constitutional rights under § 1983 for an illegal arrest that resulted in his conviction. *See* ECF Nos. 1 & 67. Moreover, Plaintiff is seeking monetary damages against state officials for these alleged constitutional

violations. *See* ECF No. 1. After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

Moreover, even if Plaintiff had successfully argued that his claims against the Defendants satisfied the requirements in *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff cannot maintain a § 1983 action against Defendants Johnson and Bailey because of qualified immunity. Counties are considered to be municipalities under § 1983; thus, Union County is considered to be a municipality in this case. *See Swaringen v. Ariail*, No. 4:10-cv-2825, 2011 WL 2036372 at *4 (D.S.C. April 28, 2011).[1] Defendant Brian Bailey, Union County Public Safety, and Defendant James Johnson, Union County Sheriff's Office, are officials of agencies that are an integral part of Union County under § 1983. "[A] municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but 'only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom.'" *Swaringen*, 2011 WL 2036372 at *4 (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff makes factual allegations that Defendants Johnson and Bailey both lied to officials that Plaintiff had drugs in his possession. *See* ECF No. 1. Notwithstanding the fact that Plaintiff's claims appear to be completely unsubstantiated, Plaintiff's Complaint makes no factual allegations that Defendants

---

[1] Report and Recommendation adopted in *Swaringen v. Ariail*, No. 4:10-cv-02825, 2011 WL 2020746 (D.S.C. May 23, 2011).

acted in furtherance of a policy, custom, or practice that resulted in the alleged violation of Plaintiff's civil rights. Therefore, Plaintiff cannot maintain a claim against Defendants under 28 U.S.C. § 1983.[2] Furthermore, Plaintiff's claim against Defendants Johnson and Bailey is frivolous and fails to state a claim for which relief may be granted by this Court. *See Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009).

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

November 8, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

---

[2] "[A] complaint must contain sufficient factual matter, accepted as true to 'state a claim for relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this plausibility standard, Plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Plaintiff's complaint fails to state a plausible claim against Defendants Johnson and Bailey under *Monell* because Plaintiff fails to allege any policy, custom, or practice that resulted in a violation of Plaintiff's rights or that the Defendants were deliberately indifferent to the alleged actions.